1

2

3

4

5

6 **UNITED STATES DISTRICT COURT**

7 **DISTRICT OF NEVADA**

8

9 MARSHALL BURGESS, JR.,                          )
                                                )
10                    Plaintiff,                 )        3:11-cv-00022-LRH-RAM
                                                )
11 vs.                                          )
                                                )
12 CLARK COUNTY D.A., *et al.*,                 )        **SCREENING ORDER**
                                                )
13                    Defendants.               )
   _____/
14

15          Plaintiff has filed a complaint on the 42 U.S.C. §1983 form and has submitted an application to

16 proceed *in forma pauperis*.  However, on the complaint form he has written "Freedom of Information

17 Law Suit."  This complaint closely resembles an action plaintiff attempted to initiate on October 6,

18 2010, which was dismissed with prejudice as factually frivolous (*see* Case No. 3:10-cv-00628-HDM-

19 VPC).  This complaint will be dismissed on the same basis.

20          Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's

21 claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state

22 a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune

23 from such relief." 28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis

24 either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss

25 a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

26 contentions are clearly baseless.  *Id*. at 327. The critical inquiry is whether a constitutional claim,

27 however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d

28 639, 640 (9th Cir. 1989).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To the extent that plaintiff attempts to initiate an action under the Freedom of Information Act ("FOIA"), FOIA provides individuals with a "judicially-enforceable right of access to government agency documents." *Lion Raisins, Inc. v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir. 2004) (citing 5 U.S.C. § 552). The primary purpose of enforcing the right of access is to "ensure an informed citizenry, [which is] vital to the functioning of a democratic society, [and] needed to check against corruption and to hold the governors accountable to the governed." *Los Angeles Times Communications v. Dep't of the Army,* 442 F. Supp.2d 880, 892 (C.D. Cal. 2006) (quoting *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989) (internal quotations omitted). The Supreme Court has interpreted FOIA broadly, requiring "full agency disclosure," except where exempted by the Act. *Lion Raisins*, 354 F.3d at 1079. There are nine statutory exemptions, each protecting against the disclosure of a specific type of sensitive government information. 5 U.S.C. § 552(b)(1)-(9). Even where material falls within one of the nine enumerated exemptions, § 552(b) further requires disclosure of "any reasonably segregable portion of the record . . . after deletion of the portions which are exempt." 5 U.S.C. § 552(b).

It is reversible error for a district court to "simply approve the withholding of an entire document without entering a finding on segregability, or the lack thereof." *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 744 (9th Cir. 1979).   Non-exempt portions of a document must be disclosed unless the Court finds that they are "'inextricably intertwined with exempt portions' to such a degree that separating the two would "impose significant costs on the agency and produce an edited document with little informational value." *Williamette Indus., Inc. v. United States*, 689 F.2d 865, 867-68 (9th Cir. 1982) (quoting *Mead Data Central, Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260-61 (D.C. Cir. 1977).       FOIA requires a records request to "reasonably" describe requested records and to comply with "published rules stating the time, place, fees (if any), and procedures to be followed." *See* 5 U.S.C. § 552(a)(3)(A).  [F]ull and timely exhaustion of administrative remedies is a prerequisite to judicial review under FOIA." *Judicial Watch, Inc. v. U.S. Naval Observatory*, 160 F. Supp.2d 111, 112 (D. D.C. 2001).  Prior to seeking judicial review, a records requester must exhaust his or her administrative remedies, including filing a proper FOIA request. *See Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979).  If the records requester fails to exhaust administrative remedies, the lawsuit may be dismissed for lack of subject matter jurisdiction. *Heyman v. Merit Systems Protection Board*, 799 F.2d 1421, 1423 (9th Cir. 1986), *cert. denied*, 481 U.S. 1019 (1987).

For requested materials to qualify as "agency records" under FOIA, "an agency must either create or obtain the requested materials" and "the agency must be in control of the requested materials at the time the FOIA request is made." *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-145 (1989); *Grand Cent. Partnership, Inc. v. Cuomo*, 166 F.3d 473, 479 (2nd Cir. 1999).  It is once again difficult to discern precisely what plaintiff requests under FOIA, but he appears to claim that he was drugged and raped in prison and that there are police and prison reports, photos, transcripts and "a book written" that were circulated to inmates.  Plaintiff alleges that "other people" placed his photo and file on the internet.  He has named as defendants the Clark County District Attorney's office as well as various other local law enforcement, news media and the Oklahoma Attorney General's office.  The court finds that plaintiff's allegations are fantastic, delusional and irrational.  This action must be dismissed with prejudice as frivolous, as it is clear from the face of plaintiff's document that the deficiencies cannot be cured by amendment.

1    **IT IS THEREFORE ORDERED** that the plaintiff's application to proceed *in forma pauperis*

2    (docket #1) is **DENIED.**

3    **IT IS FURTHER ORDERED** that the Clerk shall detach and **FILE** plaintiff's complaint

4    (docket #1-1).

5    **IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice as factually

6    frivolous.

7    **IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this

8    case.

9    DATED this 17th day of February, 2011.

10

11

12    _____

13    LARRY R. HICKS
      UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4